IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60364
Summary Calendar
_____

ALEJANDRO MURILLO,

                                        Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A27-488-218
--------------------
February 25, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Alejandro Murillo has filed a petition for review of the
Board of Immigration Appeals' (BIA's) final order of deportation.
He challenges the BIA's denial of a hardship waiver under
8 U.S.C. § 1186a(c)(4)(B).  Specifically, he contends (1) that
the BIA's finding that he failed to show by a preponderance of
the evidence that he had married in good faith is not supported
by substantial evidence, (2) that the BIA erred as a matter of
law when it stated that certain forms of documentary evidence had
to be submitted to corroborate the existence of a good-faith

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

marriage, and (3) that the BIA abused its discretion in denying him a hardship waiver because its decision "is without a rational explanation and departs from established policies."

After reviewing the record and the briefs of the parties, we conclude that Murillo has not shown any error on the part of the BIA. The BIA's finding that Murillo failed to show by a preponderance of the evidence that he had married in good faith was reasonable in light of the evidence presented and, therefore, was supported by substantial evidence. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Murillo's second contention--that the BIA stated that certain forms of documentary evidence had to be submitted to corroborate the existence of a good-faith marriage--is not supported by the record. The record reflects that the BIA stated merely that such documentary evidence typically should be provided to corroborate the existence of a good-faith marriage and that Murillo's failure to provide such probative evidence contributed to--but was not the sole basis of--its decision. Finally, Murillo's contention regarding an abuse of discretion on the part of the BIA is too conclusional to warrant relief. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(stating that issues must be briefed to be preserved). Accordingly, Murillo's petition for review is DENIED.